UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EUGENE J LEWIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02628-TWP-DLP |
| | ) |
| OCHOA, | ) |
| MADISON COUNTY SHERIFFS DEPT., | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING SERVICE OF PROCESS**

This matter is before the Court on a civil rights Complaint filed by Plaintiff Eugene Lewis, Jr., ("Lewis") an Indiana Department of Correction inmate presently housed at Plainfield Correctional Facility. Lewis brings this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. 1). Because Lewis is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff

are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Lewis' allegations relate to his incarceration at the Madison County Jail in February 2020. (Dkt. 1 at 1). He names Jail Officer Ochoa and the Madison County Sheriff's Department as defendants. *Id.* Lewis alleges that on February 2, 2020, while he was in the infirmary dayroom, Officer Ochoa was upset and complained about the noise. *Id.* at 2-3. Officer Ochoa approached him "in an aggressive manner" and used excessive force to break both bones in Lewis' right forearm for no reason. *Id.* at 6. While Lewis was on the ground, Officer Ochoa punched him in the face. *Id.* Lewis seeks monetary damages and injunctive relief by way of his complaint. *Id.* at 4.

## III. Discussion

It is unclear whether Lewis was incarcerated at the Jail during the relevant time as a pretrial detainee or as the result of a criminal conviction. This information is pertinent to determine whether Lewis' rights arise under the Eighth Amendment or the Fourteenth Amendment. If a pretrial detainee, his constitutional rights are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013).

### A. Claims that Shall Proceed

Lewis has pleaded facts sufficient to state an excessive force claim against Officer Ochoa under either the Eighth or Fourteenth Amendment depending on his status as a convicted inmate or a pretrial detainee. **This claim shall proceed** against Officer Ochoa in his individual capacity.

### B. Dismissed Defendant

Additionally, Lewis named the Madison County Sheriff's Department in the caption of his complaint only. Dkt. 1 at 1. Any claims against this defendant are dismissed because the Madison County Sheriff's Department may only be sued when its actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) to claim against Sheriff Department). To state a *Monell* claim, the plaintiff must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Id.* (citing *Bd. of the City Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997)).

Lewis complaint contains no allegations of a policy or custom to support claims against the Madison County Sheriff's Department, and thus, any claims against it are **dismissed** for failure to state a claim upon which relief may be granted.

### IV. Conclusion and Issuance of Process

**This action will proceed** with an excessive force claim against Officer Ochoa, under either the Eighth or Fourteenth Amendment as discussed in Part III(A).

Any claims against the Madison County Sheriff's Department are **dismissed** for the reasons discussed in Part III(B). **The clerk is directed to terminate** the Madison County Sheriff's Department as a defendant on the docket.

These are the only claims the Court identified in screening the complaint. If Lewis believes the complaint alleged additional claims, he must notify the Court **no later than May 31, 2022.**

**The clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Officer Ochoa in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint (docket 1),

applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 5/2/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EUGENE J LEWIS, JR.
197612
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Officer Ochoa
Madison County Jail
720 Central Ave.
Anderson, IN 46016